IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-461-FL

| | | |
|---|---|---|
| JOHN LAAKE a/k/a/ Winter Laake, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LULU ENTERPRISES, INC. a/k/a Lulu Press, Inc., | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on frivolity review of plaintiff's pro se complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court dismiss plaintiff's claims with prejudice (DE 11). Plaintiff filed objections to the M&R (DE 12). In this posture, the issues raised are ripe for ruling. For the following, the court adopts the M&R, and dismisses the action with prejudice.

**BACKGROUND**

Plaintiff commenced this action with a motion for leave to proceed in forma pauperis on September 26, 2018, accompanied by proposed complaint and several exhibits, asserting a claim against defendant, an alleged web-based digital publishing and distribution service, based upon destruction of plaintiff's intellectual property, in violation of N.C. Gen. Stat. § 14-127. In his original proposed complaint, plaintiff sought trebled damages under the unfair and deceptive trade practices act, N.C. Gen. Stat. § 75-16, compensatory damages, and punitive damages. Upon initial

frivolity review, the magistrate judge recommended dismissal of plaintiff's claim without prejudice, because the statute upon which plaintiff relied for his claim, § 14-127, is a criminal statute not providing a cause of action.

Plaintiff filed a motion for leave to amend on December 11, 2018. This court thereafter adopted the initial magistrate judge recommendation to dismiss the original complaint without prejudice, but allowed plaintiff to file an amended complaint as of right, and recommitted the matter to the magistrate judge for frivolity review of the amended complaint.

In his amended complaint, plaintiff again asserts a claim against defendant based upon destruction of plaintiff's intellectual property, this time referencing N.C. Gen. Stat. § 1-52(16) (three year statute of limitation for suit for property damages in the State of North Carolina) and California Penal Code § 502(c). Plaintiff again seeks trebled damages under the unfair and deceptive trade practices act, N.C. Gen. Stat. § 75-16, compensatory damages, and punitive damages.

In M&R entered March 1, 2019, the magistrate judge recommends dismissal of plaintiff's action in its entirety on the basis of res judicata, where this court previously dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) an action brought by plaintiff against defendant, in the case Laake v. Lulu Enterprises, Inc., No. 5:16-CV-768-FL, 2016 WL 6210779, at *2 (E.D.N.C. Oct. 24, 2016) (hereinafter "Laake I"). In the alternative, the magistrate judge recommends dismissal with prejudice of plaintiff's instant claims for failure to state a claim upon which relief can be granted.

In his objections, plaintiff opposes dismissal and seeks an opportunity to file a second amended complaint.

# COURT'S DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further

factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.     Analysis

The magistrate judge correctly determined that the instant action must be dismissed upon frivolity review on the basis of res judicata. That doctrine "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009). "For res judicata to prevent a party from raising a claim, three elements must be present: (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Id. "As long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." Id.

Res judicata bars available claims "regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131 (1979). This includes "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). Furthermore, "[f]or purposes of [res judicata], it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls." In re Varat Enters., Inc., 81 F.3d 1310, 1316 (4th Cir. 1996).

A prior "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for purposes of res judicata. Federated Dept. Stores, Inc. v. Moitie,

452 U.S. 394, 399 n. 3 (1981). "[U]nless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." McLean v. United States, 566 F.3d 391, 396 (4th Cir.2009). By contrast, "[d]ismissals without prejudice do not bar subsequent suits by res judicata." Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir.1993).

Here, all the elements of res judicata are met. First, there was a final judgment on the merits in the first suit, because dismissal was "for failure to state a claim," and the court did not specify a dismissal without prejudice. Laake I, 2016 WL 6210779, at *2. The court entered a judgment on the basis of the dismissal, and plaintiff neither appealed from the order or judgment, nor sought any post-judgment relief. See Laake I, No. 5:16-CV-768-FL (E.D.N.C. Oct. 24, 2016).

Second, the parties in the instant action and Laake I are the same. Third, the instant suit is based upon "the same cause of action," where it "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment," Ohio Valley, 556 F.3d at 210, namely the alleged destruction of plaintiff's intellectual property. (Compare Compl. (DE 1) ¶ 14 in Laake I, No. 5:16-CV-786-FL, with Am. Compl. (DE 10) ¶¶ 9, 46).

Plaintiff argues that res judicata should not apply because the court's "civil cover sheet does not yet have an existing category for cyber crime / restriction of access to computer data links," and he suggests that he only recently discovered that California law provides a civil cause of action against a defendant for denying access to an authorized user of a computer system or network. (Obj. (DE 12) at 3-4). The court's civil cover sheet, however, is not determinative of the existence of a cause of action. (See Civil Cover Sheet (DE 1-5) (stating that "[t]he JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law")).

Moreover, plaintiff's failure to discover the existence of a civil claim under California law that

5

he asserts now applies to his circumstances does not preclude dismissal on res judicata grounds. See In re Varat Enters., 81 F.3d at 1316. The California statute plaintiff cites in support of his claim was in existence at the time plaintiff filed his complaint in Laake I, in August 2016. See Cal. Penal Code § 502 (enacted 1987, last amended Jan. 1, 2016); id. § 502(c)(5) (prohibiting knowing denial of "computer services to an authorized user of a computer, computer system, or computer network"); id. § 502(e)(1) (providing civil cause of action for violation of § 502(c)(5)). To the extent the statute applies at all, it was available at the time of Laake I.

In sum, plaintiff's instant action must be dismissed with prejudice as barred by res judicata.

## CONCLUSION

Based on the foregoing, upon frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the court adopts the M&R as set forth herein, and the court DISMISSES WITH PREJUDICE plaintiff's action due to res judicata. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of April, 2019.

LOUISE W. FLANAGAN
United States District Judge